UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA            :

          -v-                                            :         12 Cr. 131 (AJN)

PATRICIO B. SANCHEZ,                       :         MEMORANDUM &
                                                                      ORDER
                   Defendant.       :
------------------------------------------------------------X
PATRICIO BONAPARTE SANCHEZ,    :

                   Petitioner,        :         13 Civ. 6827 (AJN)

          -v-                                            :         MEMORANDUM &
                                                                      ORDER
UNITED STATES OF AMERICA,         :

                   Respondent.    :
------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

      On November 21, 2012, this Court sentenced Petitioner Patricio Bonaparte Sanchez, after a guilty plea, to 37 months' imprisonment followed by three years of supervised release. Mr. Sanchez had pled guilty to distributing and possessing with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B), and to distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). On September 26, 2013, Mr. Sanchez commenced a civil action under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. He argues that his trial counsel was ineffective for (1) stipulating to an incorrect amount of heroin in Mr. Sanchez's plea agreement with the Government, (2) failing to file a motion to suppress, and (3) failing to file a direct appeal of Mr. Sanchez's conviction despite promising to do so. Pet. at 4–6.

On February 14, 2014, the Government filed its response to Mr. Sanchez's petition. No. 13 Civ. 6827, Dkt. No. 7. In its letter, the Government asserts that his first two grounds for relief are without merit, but it argues that Mr. Sanchez is entitled to a direct appeal under the Second Circuit's decision in *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006). For the reasons set forth below, the Court agrees, and therefore grants Mr. Sanchez leave to file a direct appeal. As a result, his petition under § 2255 is denied without prejudice.

Under the familiar two-part test governing ineffective assistance claims, Mr. Sanchez must demonstrate that his counsel's representation (1) "fell below an objective standard of reasonableness" and (2) prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). A lawyer who fails to file a notice of appeal after being asked to do so by a client "acts in a manner that is professionally unreasonable," and because the lawyer's failure deprives the client "of the appellate proceeding altogether," it "demands a presumption of prejudice." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 483 (2000). In other words, the client need not demonstrate that his appeal would have merit in order to establish prejudice. Under this framework, a defendant who shows that he would have appealed "but for counsel's deficient performance" makes out an ineffective assistance claim under *Strickland*. *Id.* at 484.

In *Campusano*, the Second Circuit, in an opinion by then-Judge Sotomayor, held that the presumption of prejudice established in *Flores-Ortega* applies even if the defendant has signed a plea agreement waiving his right to appeal. 442 F.3d at 772. This conclusion followed from the Supreme Court's holding in *Anders v. California*, 386 U.S. 738 (1967), that a lawyer who believes his client's appeal to be frivolous nonetheless may withdraw only after filing an appellate brief "referring to anything in the record that might arguably support the appeal." *Id.* at 744. (This is known as an "*Anders* brief.") Because the possibility that an appeal may be

frivolous does not divest counsel of the obligation to file that appeal and submit an *Anders* brief, it makes no difference if the appeal has been rendered frivolous by a waiver, and not for some other reason. *See Campusano*, 442 F.3d at 774–75.

These cases are squarely applicable here. Although Mr. Sanchez's trial counsel, Andres Aranda, did file a notice of appeal of Mr. Sanchez's conviction, he did not file an appellate brief. Resp. at 2. Because *Anders* establishes that a lawyer's assistance on appeal is inadequate if he does not file an *Anders* brief, Mr. Aranda's failure to do so is equivalent to not filing a notice of appeal at all. Additionally, although *Campusano* ordinarily requires an evidentiary hearing "to determine whether the client requested the appeal," 442 F.3d at 776, the Government does not dispute that Mr. Sanchez asked Mr. Aranda to file an appeal on his behalf. *See* Pet. at 6; Resp. at 2. Accordingly, *Campusano* establishes that Mr. Sanchez must be granted an opportunity to file a direct appeal.

The Government's letter indicates that Mr. Aranda plans to file a motion to withdraw pursuant to the Second Circuit's Local Rule 4.1. That rule states that "[w]hen a defendant in a criminal case seeks to appeal, defendant's counsel, whether retained or appointed, is responsible for representing the defendant unless relieved by *this court*." 2d Cir. Loc. R. 4.1(a) (emphasis added). However, rather than comply with the requirements of Rule 4.1, Mr. Aranda has instead filed a motion to withdraw in *this* Court, claiming that because he is a solo practitioner, he cannot give Mr. Sanchez's appeal "the attention it requires." No. 12 Cr. 131, Dkt. No. 31. Any such arguments must be addressed to the Second Circuit. Until that court relieves Mr. Aranda of his duties, those duties include filing an appeal on Mr. Sanchez's behalf and submitting an *Anders* brief if Mr. Aranda believes the appeal is frivolous. *See* 2d Cir. Loc. R. 4.1(b). At that point, Mr. Aranda will have rendered the assistance that is constitutionally required, and Mr.

Sanchez would be required to proceed with his appeal either pro se or represented by new counsel. Therefore, Mr. Aranda's motion to withdraw is denied.

In light of the possibility that Mr. Sanchez's collateral challenge under § 2255 will be mooted by the disposition of his direct appeal, his instant petition is denied without prejudice to refiling after the appeal process is complete.

The Clerk of Court is directed to terminate No. 13 Civ. 6827.

SO ORDERED.

Dated: February 25, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge